UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WACO S. WIGGINS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-38

Magistrate Judge Michael J. Newman
(Consent Case)

___

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET**
___

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 10. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 17), Plaintiff's reply (doc. 18), the administrative record (doc. 7),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff initially filed for Disability Insurance Benefits ("DIB") and SSI alleging a disability onset date of December 31, 1998. PageID 964. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, generalized anxiety disorder, personality disorder with obsessive/compulsive traits, and affective disorder. PageID 969.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Jessica Inouye on May 14, 2013. PageID 93. The ALJ issued a written decision on June 11, 2013 finding Plaintiff not disabled. PageID 75-87. After the Appeals Council denied Plaintiff's request to review the ALJ's decision, PageID 48-50, Plaintiff filed an appeal with this Court. Finding that the ALJ erred in her assessment of the opinion of Plaintiff's treating physician, this case was remanded for further proceedings. *Wiggins v. Comm'r of Soc. Sec.*, No. 3:14-cv-360, 2015 WL 6870128 (S.D. Ohio Nov. 6, 2015).

On remand, Plaintiff received a second hearing before ALJ Eric Anschuetz on September 7, 2016. PageID 992-1058. At the hearing, Plaintiff amended his application and sought only SSI alleging a disability onset date of May 7, 2014. PageID1049. The ALJ issued a written decision on October 5, 2016 again finding Plaintiff not disabled. Specifically, the ALJ found at Step Five that, based upon Plaintiff's Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels subject to some non-exertional limitations, "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 978.

Thereafter, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making her non-disability finding the final administrative decision of the Commissioner. PageID 954-57. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 964-84), Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 17), and Plaintiff's reply (doc. 18). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues the ALJ erred in evaluating Plaintiff's treating source opinions. Doc. 12 at PageID 1466-75.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue including Plaintiff's headaches; properly weighed

opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC which accounted for Plaintiff's headaches; and appropriately concluded, at Step Five (and in reliance on the VE's sworn testimony), that Plaintiff can perform a significant number of jobs in the national economy.

## IV.

The Court thus **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:   April 9, 2019                             s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge